**FEDERAL TRADE COMMISSION,**
Plaintiff,

v.

**NETFRAN DEVELOPMENT CORP., DBA Netspace, a Florida corporation; Netvertise, Inc., DBA Netspace, a Florida corporation; and Elliot Krasnow, individually and as an officer of Netfran Development Corp. and Netvertise, Inc. Defendants.**

No. 05–22223–CIV.

United States District Court,
S.D. Florida.

May 14, 2007.

Lawrence Hodapp, Bar # A5500456, David C. Fix, Federal Trade Commission, Washington, D.C., for Plaintiff.

Rayda Masdeu, Florida Bar No: 0017386, Homerbonner, Miami, FL, for Defendants.

## FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AS TO DEFENDANTS NETVERTISE, INC., AND ELLIOT KRASNOW

UNGARO–BENAGES, District Judge.

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed a Complaint on August 11, 2005, seeking a Permanent Injunction and Other Relief, including redress to consumers, pursuant to Sections 13(b) and 19(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b(a).

The Commission alleged that Defendants engaged in deceptive acts and practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45(a), and the Commission's Rule entitled Disclosure Requirements and Prohibitions Concerning Franchise and Business Opportunity Ventures (the "Franchise Rule"), 16 C.F.R. Part 436, in the marketing and sale of an alleged business opportunity to sell Internet services to small businesses. Defendants have denied all allegations of wrongdoing in the Commission's complaint, have contested the Commission's authority to seek certain requested relief, and have denied any liability in any amount under any theory asserted by the Commission.

The Commission and undersigned Defendants hereby stipulate to the entry of, and request the Court to enter, this stipulated Final Judgment and Order for Permanent Injunction ("Final Order") to resolve all matters of dispute between them in this action without a trial on the merits, presentation of evidence or further judicial proceedings.

### FINDINGS OF FACT

**IT IS THEREFORE STIPULATED, AGREED, AND ORDERED** as follows:

1. This Court has jurisdiction of the subject matter of this case and jurisdiction over the Defendants.

2. Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b) and (c).

3. The activities of Defendants are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4. The Complaint states a claim upon which relief may be granted under Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Commission's Franchise Rule.

5. Defendants have entered into this Final Order freely and without coercion. Defendants further acknowledge that they have read the provisions of this Final Order and are prepared to abide by them.

6. The Plaintiff and Defendants agree that the entry of this Final Order resolves all matters of dispute between them arising from the conduct which is the subject of the Complaint in this action, up to the date of entry of this Final Order.

7. Defendants waive all rights to seek appellate review or otherwise challenge or contest the validity of this Final Order. Defendants further waive and release any claim they may have against the Commission, its employees, representatives, or agents.

8. Defendants agree that this Final Order does not entitle Defendants to seek or to obtain attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Publ. 104–121, 110 Stat. 847, 863–64 (1996), and Defendants further waive any rights to attorneys' fees that may arise under said provision of law.

9. This Final Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

10. Entry of this Final Order is in the public interest.

11. This Final Order is for settlement purposes only, and does not constitute an admission by Defendants that the law has been violated as alleged in the Complaint, or that the facts alleged in the Complaint, other than jurisdictional facts, are true.

## DEFINITIONS

1. "Business venture" means any written or oral business arrangement, other than a business arrangement covered by the Franchise Rule or Business Opportunity Rule, however denominated which consists of the payment of any consideration for:

A. The right or means to offer, sell, or distribute goods or services (regardless of whether identified by a trademark, service mark, trade name, advertising, or other commercial symbol); and

B. More than nominal assistance to any person or entity in connection with or incident to the establishment, maintenance, or operation of a new business or the entry by an existing business into a new line or type of business;

2. "Franchise Rule or Business Opportunity Rule" means:

A. The FTC Trade Regulation Rule codified at 16 C.F.R. Part 436, until the effective date of the amendments to the FTC Trade Regulation Rule titled "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures," approved by the Commission on January 22, 2007,;

B. After the effective date of the amendments to the FTC Trade Regulation Rule titled "Disclosure Requirements and Prohibitions Concerning Franchising and Business Opportunity Ventures," approved by the Commission on January 22, 2007:

1. The FTC Trade Regulation Rule titled "Disclosure Requirements Concerning Franchising," to be codified at 16 C.F.R. Part 436, or as it may be amended; and

2. The FTC Trade Regulation Rule titled "Disclosure Requirements concerning Business Opportunities," to be codified at 16 C.F.R. Part 437, or as it may be amended.

3. "Investment Opportunity" means any interest, product or service, other than a business arrangement covered by the Franchise Rule or Business Opportunity Rule, including any partnership, interest in any partnership, stock or other beneficial interest, tangible or intangible, that is offered for sale, traded or sold to consumers based, wholly or in part, on material representations, express or implied, that the

interest, product or service may generate financial return or appreciate in value;

4. "Corporate Defendant" means Netvertise, Inc. and its successors, assigns, affiliates or subsidiaries, but not including Ariel Way, Inc., Netfran Development Corp., or Netspace International, Inc.;

5. "Individual Defendant" means Elliot Krasnow;

6. "Defendants" means: (a) the Corporate Defendant; and (b) the Individual Defendant.

## ORDER

## I. BAN AGAINST INVOLVEMENT IN THE OFFER OR SALE OF BUSINESS ARRANGEMENTS COVERED BY THE FRANCHISE RULE OR BUSINESS OPPORTUNITY RULE

**IT IS THEREFORE ORDERED** that Defendants are hereby permanently restrained and enjoined from:

A. Advertising, marketing, promoting, offering for sale, or selling any business arrangement covered by the Franchise Rule or Business Opportunity Rule to any person or assisting in the advertising, marketing, promotion, offering for sale or selling of any business arrangement covered by the Franchise Rule or Business Opportunity Rule to any person;

B. Receiving any remuneration or other consideration of any kind whatsoever as a result of engaging or assisting in the advertising, marketing, promoting, offering for sale, or selling of any business arrangement covered by the Franchise Rule or Business Opportunity Rule;

C. Holding any ownership interest, share, or stock in any business entity which engages in or assists in the advertising, marketing, promoting, offering for sale, or selling of any business arrangement covered by the Franchise Rule or Business Opportunity Rule, (however, this prohibition shall not apply to any publicly traded company in which Defendants do not own more than 1% of the outstanding common shares); or

D. Serving as an employee, officer, director, trustee, general manager of, or consultant or advisor in a position with duties or responsibilities that require engaging or assisting in the advertising, marketing, promoting, offering for sale, or selling of any business arrangement covered by the Franchise Rule or Business Opportunity Rule.

## II. PROHIBITION AGAINST VIOLATION OF SECTION 5 OF THE FEDERAL TRADE COMMISSION ACT

**IT IS FURTHER ORDERED** that, in connection with the offering for sale or sale of any Investment Opportunity or Business Venture, Defendants and their officers, agents, servants, and employees, and those persons in active concert or participation with them who receive actual notice of this Final Order by personal service or otherwise, are hereby permanently restrained and enjoined from:

A. Misrepresenting, directly or by implication, orally or in writing, to any potential purchaser of an Investment Opportunity or Business Venture, any material fact, including, but not limited to:

1. the likelihood that purchasers of an Investment Opportunity or Business Venture will earn a substantial income;

2. the amount of income purchasers of an Investment Opportunity or Business Venture can expect to receive;

3. the amount of income that any existing purchaser of an Investment Opportunity or Business Venture has received; or

4. any risks involved in the purchase of an Investment Opportunity or Business Venture.

B. Providing substantial assistance to any third party to make any material misrepresentation, including, but not limited to, those misrepresentations prohibited by Paragraph II.A., above.

### III. MONETARY JUDGMENT
### IT IS FURTHER ORDERED that:

A. Defendants are liable to the Commission for Five Hundred Thousand Dollars ($500,000) and the FTC is awarded a monetary judgment in this amount. *Provided, however,* that this judgment shall be satisfied upon Defendants' completion of the following within 10 days of entry of this Final Order:

1. payment of One Hundred and Sixty Thousand Dollars ($160,000) to the Federal Trade Commission;

2. unless Defendants have done so already, in accordance with 31 U.S.C. § 7701, furnishing to the Commission their taxpayer identification numbers (Social Security Numbers and employer identification numbers) which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with the government.

3. as to the Individual Defendant, unless he has done so already, providing the Commission with clear, legible and full-size photocopies of all valid driver's licenses he possesses, which will be used for reporting and compliance purposes.

B. Any and all funds paid pursuant to this Order, including this Section III and Section IV, shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of any redress fund. In the event that redress to purchasers is wholly or partially impracticable, or any funds remain after redress is completed, the Commission may apply any remaining funds to such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited in the United States Treasury as disgorgement. Defendants shall have no right to contest the manner of distribution chosen by the Commission. The Commission in its sole discretion may use a designated agent to administer consumer redress

### IV. RIGHT TO REOPEN

A. The Commission's agreement to this Final Order is expressly premised upon the financial condition of Defendants as represented in the sworn financial statement and supporting documents they provided to the Commission dated August 20, 2005, and the deposition of November 8, 2005, all of which include material information upon which the Commission relied in negotiating and consenting to this Final Order.

B. If, upon motion by the Commission, this Court finds that Defendants made a material misrepresentation or omitted material information concerning their financial condition, then the Court shall direct the Clerk to enter judgment against Defendants and in favor of the Commission for the full amount of $500,000 immediately due and payable, together with interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, less the sum of any payments previously made pursuant to this Final Order.

C. Any proceedings instituted under this Section IV are in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including

any other proceedings that the FTC may initiate to enforce this Final Order.

## V. ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that, within five (5) business days of receipt of this Final Order as entered by the Court, Defendants must submit to the Commission truthful sworn statements acknowledging receipt of this Final Order.

## VI. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Final Order, Defendants shall deliver copies of this Final Order as directed below:

A. **Corporate Defendant**: Corporate Defendant must deliver a copy of this Order to all of its principals, officers, directors, and managers. Corporate Defendant also must deliver a copy of this Order to all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within (5) days of service of this Order upon Corporate Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities;

B. **Individual Defendant as Control Person**: For any business that Individual Defendant controls, directly or indirectly, or in which he has a majority ownership interest, Individual Defendant must deliver a copy of this Order to all principals, officers, directors and managers of that business. Individual Defendant must also deliver copies of this Order to all employees, agents and representatives of that business who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Individual Defendant. For new personnel,

delivery shall occur prior to their assumption of their responsibilities;

C. **Individual Defendant as Employee or Non–Control Person**: For any business where Individual Defendant is not a controlling person of the business, but for which he otherwise engages in conduct related to the subject matter of this Order, Individual Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct; and

D. Defendants must secure a signed and dated statement acknowledging receipt of this Order within thirty (30) days of delivery, from all persons receiving a copy of this Order pursuant to this Paragraph VI.

## VII. COMPLIANCE REPORTING BY DEFENDANTS

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Final Order may be monitored:

A. For a period of five (5) years from the date of entry of this Final Order, Defendants shall notify the Commission in writing of the following:

1. Any changes in Individual Defendant's residence, mailing addresses and telephone numbers, within ten (10) days of the date of such change;

2. Any changes in Individual Defendant's employment status (including self-employment), within ten (10) days of such change. Such notice shall include the name and address of each business that Individual Defendant is affiliated with, employed by, or performs services for; a statement of the nature of the business; and a statement of Individual Defendant's duties and responsibilities in connection with the business;

3. Any changes in any Defendant's names, and any aliases or fictitious names adopted or used by any Defendant; and

4. Any changes in the corporate structure of any business entity that any Defendant directly or indirectly controls, or has a majority ownership interest in, that may affect compliance obligations arising under this Final Order, including, but not limited to, a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Final Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided, however,* that with respect to any proposed change in the corporation about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, the Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. One hundred eighty (180) days after the date of entry of this Final Order, and each year thereafter on the same date, through and including calendar year 2012, Defendants shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Final Order. This report shall include, but not be limited to:

1. The then-current residence address, mailing addresses, and telephone numbers of Individual Defendant;

2. The then-current employment and business addresses and telephone numbers of Defendants, a description of the business activities of each such employer or business, and the title and responsibilities of the Individual Defendant for each such employer or business;

3. Any other changes required to be reported under Paragraph VII.A of this Final Order; and

4. A copy of each acknowledgment of receipt of this Final Order obtained by Defendants pursuant to Paragraph VI of this Final Order.

C. For the purposes of this Final Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the FTC to:

Associate Director

Division of Enforcement

Federal Trade Commission

600 Pennsylvania Ave., NW

Washington, DC 20580

Re: *FTC v. Netfran Development Corp., et al.*

Case No.05–22223–CIV–Ungaro–Benages

D. For the purposes of this Paragraph VII, "employment" includes the performance of services as an employee, consultant, or independent contractor; and "employers" include any individual or entity for whom a Defendant performs services as an employee, consultant, or independent contractor.

E. For purposes of the compliance reporting required by this Paragraph VII, the Commission is authorized to communicate directly with Defendants.

## VIII. RECORD–KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Final Order, in connection with any business that Defendants directly or indirectly manage, control or have a majority ownership interest in, Defendants are hereby permanently restrained and en-

joined from failing to create and retain the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D. Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

E. Copies of all sales scripts, training materials, advertisements, or other marketing materials disseminated by Defendant to any person, including e-mail and Internet web sites or web pages, relating to any good, service, company or web site of the Defendants; and

F. All records and documents necessary to demonstrate fully Defendants' compliance with each provision of this Final Order.

## IX. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Final Order,

A. Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in Defendants' possession or direct or indirect control for inspection of the business operation;

B. In addition, the Commission is authorized to monitor compliance with this Final Order by all other lawful means, including but not limited to the following:

1. Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed.R.Civ.P. 30, 31, 33, 34, 36, and 45; and

2. Posing as consumers or suppliers to: Defendants, their employees, or any entity managed or controlled in whole or in part by Defendants, without the necessity of identification or prior notice.

C. Defendants shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Final Order. The person interviewed may have counsel present.

*Provided, however,* that nothing in this Final Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b–1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## X. PROHIBITIONS INVOLVING CONSUMER LISTS

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, attorneys, and those

persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to Defendants, at any time prior to entry of this Final Order, in connection with the advertising, promotion, marketing, offering for sale, or sale of any good or service; *provided, however,* that Defendants may disclose such identifying information to a law enforcement agency, or as required by any law, regulation or court order.

### XI. FEES AND COSTS

**IT IS FURTHER ORDERED** that each party to this Final Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

### XII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED** this 11th day of May, 2007.